UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| **ERIC SMITH,**<br><br>  Plaintiff,<br><br>v.<br><br>**CITY OF NORTH BRANCH,**<br><br>  Defendant. | **REPORT & RECOMMENDATION**<br><br>**Case No. 1:24-cv-00043**<br><br>**District Court Judge Jill N. Parrish**<br><br>**Magistrate Judge Dustin B. Pead** |

On March, 11, 2024, the court granted Plaintiff Eric Smith's Motion for Leave to Proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 3, Order.)

On April 9, 2024, this court issued an Order requiring Plaintiff to show cause, no later than April 23, 2024, as to how venue is proper in the District of Utah. (ECF No. 8, Order to Show Cause.) Based on the allegations set forth in Plaintiff's pleading (ECF No. 4, Complaint) and absent further information, the court concludes that venue is not appropriate in the District of Utah because no party resides in this district and no events are alleged to have occurred in this district. See, 28 U.S.C. § 1391(b). As of this date, Plaintiff has not filed a response to the Order to Show Cause and the time within which to do so has passed.

Under these circumstances, the court has discretion to dismiss or transfer Plaintiff's action to a different venue. *See* 28 U.S.C. § 1404; 28 U.S.C. § 1406; *Doering ex rel. Barrett v. Copper Mt., Inc.,* 249 F.3d 1202, 1209 n. 3 (10th Cir. 2001) ("The district court had the authority either to dismiss or transfer the case for improper venue or lack of personal jurisdiction."); *see also Johnson v. Christopher,* 233 F. App'x 852, 853 (10th Cir. 2007) (recognizing a "district

court's authority under 28 U.S. C. § 1915(e) to dismiss *sua sponte* cases not merely on their merits but also based upon improper venue."). Here, the court finds that the interests of justice would not be served by a transfer of the case and recommends dismissal of the action. Plaintiff previously filed a similar action in the District of Minnesota, the apparent situs of the claims in this action. which was dismissed for failure to prosecute. *See Smith v. City of Duluth,* 0:23-cv-02196 (D. Minn.). Further, there is no indication that Plaintiff will suffer an injustice from dismissal rather than a transfer. *See Goldlawr, Inc. v Heiman,* 369 U.S. 463, 466, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962).

Accordingly, the Court recommends that Plaintiff's action be dismissed without prejudice for improper venue pursuant to 28 U.S.C. § 1406(a). Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file an objection to this Report and Recommendation within fourteen (14) days after receiving it. *Id.* Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 30th day of April, 2024.

BY THE COURT:

_____
Dustin B. Pead
United States Magistrate Judge